**J. B. COTTEN, Appellant, v. Dr. L. E. PARMLEY, Appellee.**

**No. 2887.**

Court of Civil Appeals of Texas. El Paso.

Oct. 12, 1933.

G. W. Dunaway, of Midland, for appellant.

Thomas & McDonald, of Big Spring, for appellee.

PELPHREY, Chief Justice.

This is a suit by appellee to recover for medical services performed for several clients of appellant and for giving expert testimony on the trial of the cases where they were plaintiffs.

Appellee alleged an express contract on the part of appellant to pay for such services,

and his evidence supported such allegation. Appellee denied both in his pleading and proof such an agreement.

The trial court, in submitting special issues, asked the jury to find whether or not the services were performed at the request of appellant. Appellant did not dispute the fact that he had requested the services to be performed for his clients, but did emphatically deny that he had ever agreed to be personally responsible therefor.

The controlling question in the case, as made by both the pleading and the proof, was whether appellant had expressly agreed to pay appellee for the services.

This issue was not submitted, and the judgment will be reversed, and the cause remanded.

■

**MARTINDALE MORTGAGE COMPANY et al., Appellants, v. Eula NICHOLS, Appellee.**

**No. 9374.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 3, 1933.

Henry, Bickett & Bickett, of San Antonio, for appellants.

M. A. Childers, of San Antonio, for appellee.

PER CURIAM.

Appellee secured a temporary injunction restraining appellants from selling certain real estate under the power of sale contained in a certain deed of trust.

The application for injunction was based upon the provisions of House Bill No. 231, Acts 1933, Regular Session, 43d Leg., c. 102 (Vernon's Ann. Civ. St. art. 2218b, § 1 et seq.).

We have recently held, in the case of Murphy v. Phillips, 63 S.W.(2d) 404, that the provisions of House Bill No. 231, which authorize the staying of trustee sales of real estate, are unconstitutional and void. For the reasons there stated this injunction should not have been granted.

The order of the trial judge will be reversed, and such temporary injunction will be dissolved.